| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>----------------------------------------------------------------------X<br>MIGUEL QUINN, Individually and<br>on behalf of all others similarly situated,<br><br>                              Plaintiffs,<br><br>        -against-<br><br>AFNI, INC.,<br><br>                              Defendant.<br>----------------------------------------------------------------------X | For Online Publication Only<br>**FILED**<br>**CLERK**<br>4:33 pm, Aug 13, 2021<br>**U.S. DISTRICT COURT**<br>**EASTERN DISTRICT OF NEW YORK**<br>**LONG ISLAND OFFICE**<br><br>**MEMORANDUM & ORDER**<br>20-CV-2597 (JMA) (AKT) |

**APPEARANCES:**

Jonathan M. Cader
Craig B. Sanders
100 Garden City Plaza, Suite 500
Garden City, NY 11530
    *Attorneys for Plaintiff Miguel Quinn*

Brendan H. Little
Lippes Mathias Wexler Friedman LLP
50 Fountain Plaza, Suite 1700
Buffalo, NY 14202
    *Attorney for Defendant Afni, Inc.*

**AZRACK, United States District Judge:**

## I.    BACKGROUND

Defendant Afni, Inc. ("Defendant") is an Illinois corporation that collects consumer debts. On February 16, 2020, Defendant sent a letter (the "Letter") to plaintiff Miguel Quinn ("Plaintiff") seeking to collect a debt of $442.67 allegedly owed to AFM ABS Trust I at a discounted offer of $221.34. (ECF No. 1.) As shown below, the Letter contained a table in the top-left in which the "Creditor" was listed as "AFM ABS TRUST I (SERVICED BY AFFIRM INC.)." (ECF No. 1-1.) The body of the Letter also explained: "We are making another attempt to contact you in regards to the past due charges owed to AFM ABS TRUST I (SERVICED BY AFFIRM INC."



On June 11, 2020, Plaintiff initiated the instant litigation, bringing three counts under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692. (ECF No. 1.) First, Plaintiff claims that the Letter was misleading because it does not contain the phrase "'we are not obligated to renew this offer,' nor does it include any kind of substantially similar language." (Id. at 4-5.) Second, Plaintiff contends that "Defendant's allegation that Plaintiff owed $442.67, when Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect, is a misleading representation." (Id. at 5-7.) Relatedly, Plaintiff's third and final claim is that the Letter violated the FDCPA because it stated Plaintiff owed a debt to "AFM ABS TRUST I (SERVICED BY AFFIRM" when Plaintiff asserts he did not owe such a debt to this entity, was

2

never offered credit by it, was not involved in any transaction or contract with it, and otherwise had no business dealings with it. (Id. at 7-10.)

After appearing for a pre-motion conference before the undersigned, (ECF No. 14), Defendant now moves for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), (ECF No. 17), which Plaintiff opposes, (ECF No. 18). For the reasons set forth below, the Court **DENIES** Defendant's motion.

## II. DISCUSSION

### A. Standard

#### 1. Rule 12(c)

In resolving a motion for judgment on the pleadings pursuant to Rule 12(c), a court looks to the same standard that applies to resolution of a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6). See Cleveland v. Caplaw Enters., 448 F.3d 518, 521 (2d Cir. 2006). To survive a motion to dismiss, a plaintiff must allege sufficient facts "to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is facially plausible only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). Mere labels and legal conclusions will not suffice, nor will "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555. As it does when reviewing a motion to dismiss, a court considering a motion for judgment on the pleadings must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. See Cleveland, 448 F.3d at 521.

Ordinarily, on a motion to dismiss—and likewise on a motion for judgment on the pleadings—a court is confined to "the allegations contained within the four corners of [the]

complaint." Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 71 (2d Cir. 1998).  However, this standard "has been interpreted broadly to include any document attached to the complaint, any statements or documents incorporated in the complaint by reference, any document on which the complaint heavily relies, and anything of which judicial notice may be taken." Young AE Kim v. Advanced Call Center Technologies, LLC, No. 19-CV-4672, 2020 WL 5893964, at *1 (E.D.N.Y. Oct. 5, 2020) (citing Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002)).  In cases brought pursuant to the FDCPA, courts that have broadly interpreted this standard have considered debt collection letters that complaints allege violate the FDCPA.  Id.

**B. Application**

Defendant moves for judgment on the pleadings on each of Plaintiff's three claims.  The Court analyzes each of Defendant's arguments below.

1. Safe Harbor Claim

Defendant first argues that there is no requirement in the Second Circuit that a debt collection letter must include the "safe harbor" language Plaintiff quoted in the complaint regarding potential renewal of the offer.  (ECF No. 17 at 1.)  In his opposition to the motion, Plaintiff withdrew this claim.  (ECF No. 18 at 19.)  Accordingly, the Court finds Defendant's argument on this claim moot.

2. Plaintiff's Purported Admission in Bankruptcy Court

Defendant next claims that Plaintiff cannot challenge Defendant's ownership of the debt because Plaintiff purportedly admitted to owing this debt to Defendant in a bankruptcy matter, In re Miguel Quinn, et al., Case No. 8:20-bk-71739 (Bnkr. E.D.N.Y. Mar. 19, 2020).  Therefore, Defendant claims, Plaintiff should be estopped from arguing in the instant FDCPA case that he does not owe the debt.  (ECF No. 17 at 5-6.)  The Court disagrees.

The purported admission in question appears as follows in an exhibit Defendant attached to its Answer:

```
Debtor 1   Miguel A Quinn
Debtor 2   Blanca Quinn                                      Case number (if known)

4.2   Affirm Inc                          Last 4 digits of account number   FHI7                $442.00
      Nonpriority Creditor's Name
      650 California St Fl 12                                               Opened 08/18  Last Active
      San Francisco, CA 94108             When was the debt incurred?       11/19/18
      Number Street City State Zip Code
      Who incurred the debt? Check one.   As of the date you file, the claim is: Check all that apply

      ■ Debtor 1 only                     ☐ Contingent
      ☐ Debtor 2 only                     ☐ Unliquidated
      ☐ Debtor 1 and Debtor 2 only        ☐ Disputed
      ☐ At least one of the debtors and another    Type of NONPRIORITY unsecured claim:
      ☐ Check if this claim is for a community     ☐ Student loans
      debt                                ☐ Obligations arising out of a separation agreement or divorce that you did not
      Is the claim subject to offset?       report as priority claims
      ■ No                                ☐ Debts to pension or profit-sharing plans, and other similar debts
      ☐ Yes                               ■ Other. Specify  Unsecured
```

(ECF No. 9-1 at 4.) Defendant claims that this admission appears on an excerpt of a submission Plaintiff made to the Bankruptcy Court. Notably, Defendant presents this Court only with three pages of what appears on the Bankruptcy Court docket to be a 66-page filing. See ECF No. 1 in In re Miguel Quinn, et al., Case No. 8:20-bk-71739 (Bnkr. E.D.N.Y. Mar. 19, 2020). In particular, the first two pages of Defendant's exhibit appear to be excerpts from "Official Form 101" while the third page appears to be an excerpt from "Official Form 106 E/F." (Id. at 2-4.) From these three pages in Defendant's exhibit, it is unclear in what context or in response to which question Plaintiff submitted this information to the Bankruptcy Court.

However, the Court need not seek clarity on this issue, as this document is not properly before the Court on a motion for judgment on the pleadings. While the Court "may take judicial notice of a document filed in another court . . . to establish the fact of such litigation and related filings," the Court cannot take judicial notice of a document "for the truth of the matters asserted in the other litigation." Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc., 146 F.3d 66, 70 (2d Cir. 1998). Here, Defendant submits this document from the Bankruptcy Court

5

precisely to establish the truth of the matter purportedly asserted in it: that Plaintiff owed a debt to Affirm Inc. It is impermissible for the Court to take judicial notice of this document for this purpose.[1] Consequently, Defendant's argument—which relies entirely on the Bankruptcy Court filing—fails.

3. <u>Defendant's Alleged Ownership of the Debt</u>

In the complaint's third cause of action, Plaintiff disputed the Letter's contention that he owed a debt to "AFM ABS TRUST I (SERCIVED BY AFFIRM)." (ECF No. 1 at 7-10.) To justify dismissal of this claim, Defendant's entire argument is as follows:

> the Declaration attached to AFNI's Amended Answer to confirms that: "AFM ABS TRUST I owned Miguel Quinn's debt on [the date of the Letter,] February 16, 2020 and is still the current owner of the debt." Doc. 9-2 at 2 ¶ 3. AFM ABS TRUST I owns the debt at issue, therefore Plaintiff owes the debt to AFM ABS TRUST I.

(ECF No. 17 at 6.) The Declaration in question was executed by Rob Arshonsky, "a Senior Software Engineer for Affirm, Inc" and was attached to Defendant's Answer. (ECF No. 9 at 2.) The substance of Arhonsky's Declaration is reproduced below in its entirety:

1. I am over the age of eighteen (18) years, of sound mind, have never been convicted of a felony or a misdemeanor of moral turpitude and am fully competent and qualified to make this Declaration. I have personal knowledge of all of the facts set forth in this Declaration and all facts and statements contained herein are true and correct of my own personal knowledge.

2. I am a Senior Software Engineer for Affirm, Inc. In my capacity as a Senior Software Engineer for Affirm, Inc., I can confirm that Plaintiff Miguel Quinn's loan originated with Cross River Bank (the original creditor) on August 14, 2018. Cross River Bank subsequently sold the loan to Affirm, Inc. on August 17, 2018. Affirm, Inc. then sold the loan to AFM ABS TRUST I on August 20, 2018.

3. I can also confirm that AFM ABS TRUST I owned Miguel Quinn's debt on February 16, 2020 and is still the current owner of the debt.

---

[1] Because the Court rejects Defendant's arguments based on the bankruptcy filings, the Court need not reach Plaintiff's legal arguments regarding ownership of the debt. (ECF No. 18 at 15.) In addition, the Court does not reach Defendant's argument as to the admissibility of the declaration submitted by Plaintiff's bankruptcy counsel regarding typical bankruptcy practices. (ECF No. 19 at 3.)

In response, Plaintiff contests the Court's ability to consider this Declaration on a motion for judgment on the pleadings. (ECF No. 18 at 16-17.) Additionally, Plaintiff questions the veracity of the assertions in the Declaration and specifically questions how Ashonsky, as a Senior Software Engineer, would have first-hand knowledge of the facts asserted. (Id.) Plaintiff therefore seeks "discovery to establish the veracity of the alleged chain of title to AFM ABS Trust I." (Id.)

In reply, Defendant focuses exclusively on the admissibility of the Declaration. Defendant does not respond to Plaintiff's arguments as to the accuracy of the Declaration's substance, except to say that Ashonsky "testifie[d] to the fact that he has personal knowledge of everything he is testifying to and that he is fully competent and qualified to provide his testimony." (ECF No. 19 at 5-6.) Specifically, Defendant claims that the Declaration can be considered because it was an attachment to its Amended Answer, and therefore the Court, at this stage, can consider "the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case." (Id. at 4) (quoting L-7 Designs, Inc. v. Old Navy, LLC, 647 F.3d 419, 422 (2d Cir. 2011).)

The Court agrees with Plaintiff. Recently, the Second Circuit clarified its prior reasoning in L-7 Designs, the case Defendant cited in support of its assertion that the Court can consider the Ashonsky Declaration. The panel explained:

> Our statement in L-7 Designs about the various items courts may consider encompasses the full range of materials, but it does not mean that courts may weigh all such materials at once when deciding a motion on the pleadings. Unless a court is considering extrinsic material that is incorporated by reference into the complaint or on which the complaint relies or other matters of which the court can take judicial notice, it should remain within the non-movant's pleading when deciding both Rule 12(c) and 12(b)(6) motions. And where a court does draw from such extrinsic material, it must construe all reasonable inferences in the non-movant's favor. . . Thus, on a motion for judgment on the pleadings, courts may consider all documents that qualify as part of the non-movant's "pleading," including (1) the complaint or answer, (2) documents attached to the pleading, (3) documents

7

incorporated by reference in or integral to the pleading, and (4) matters of which the court may take judicial notice.

Lively v. WAFRA Inv. Advisory Grp., Inc., No. 20-2709, 2021 WL 3118943, at *7 (2d Cir. July 23, 2021).  Thus, "a court may not resolve the motion by weighing the plausibility of competing allegations or by considering evidence extrinsic to the non-movant's pleading without converting the motion to one for summary judgment." Id.

Based on this precedent, in evaluating Defendant's pending motion, the Court must look to the pleading of the non-moving party, Plaintiff.  If the Court were to consider the substance of the Declaration that conflicts with the complaint, the Court would be engaging in what is impermissible on a Rule 12(c) motion, where "the court's task is to assess the legal feasibility of the complaint; it is not to assess the weight of the evidence that might be offered on either side." Id. at *6.  Accordingly, the Court cannot consider the Ashonsky Declaration in resolving the motion.  Since Defendant's argument relies entirely on the Ashonsky Declaration, the Court therefore finds Defendant's challenge to Plaintiff's third claim meritless.[2]

### III.   CONCLUSION

For the reasons set forth above, Defendant's motion for judgment on the pleadings is hereby **DENIED**.  This case is respectfully referred to Judge Tomlinson to oversee discovery on Plaintiff's second and third causes of action.

**SO ORDERED.**

Dated:  August 13, 2021
      Central Islip, New York

                                       /s/ (JMA)
                                       JOAN M. AZRACK
                                       UNITED STATES DISTRICT JUDGE

---

[2] Even if the Ashonsky Declaration were properly before the Court, it is far from clear that the Court would accept the assertions within it based on the Declaration alone because, as Plaintiff persuasively argues, the Declaration has several shortcomings.